UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

TERRANCE T. BROWN                        CIVIL ACTION NO. 09-2170

VS.                                      SECTION P

CPL. MATT HILL, ET AL.                   JUDGE ROBERT G.  JAMES
                                         MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

*Pro se* plaintiff Terrance T. Brown, proceeding *in forma pauperis*, filed the instant civil

rights complaint pursuant to 42 U.S.C. §1983 on December 22, 2009.  Plaintiff is a pre-trial

detainee in the custody of the Ouachita Parish Sheriff's Office. He is awaiting trial in Louisiana's

Fourth Judicial District Court where he has been charged with attempted aggravated burglary,

conspiracy to commit aggravated burglary, and possession of a firearm by a convicted felon.

Plaintiff claims that his arrest, imprisonment, and prosecution are unlawful. He sued Ouachita

Parish Sheriff's Deputy Matt Hill, Assistant District Attorney Ellen Eade, and his court-

appointed defense attorney, George Britton praying for monetary damages for mental distress and

lost wages, and, "for immunity from the prosecution and immunity for ineffectiveness of

counsel..." [Doc. 1] Plaintiff has also requested appointment of counsel. [Doc. 6][1]  This matter

has been referred to the undersigned for review, report, and recommendation in accordance with

the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons

it is recommended that the complaint, be **STAYED** pending the outcome of the on-going

criminal prosecution in the Fourth Judicial District Court; it is further recommended that the

---

[1]  That request has been addressed and denied in a separate order. [see Doc. 7]

complaint, insofar as it seeks injunctive relief, be **DISMISSED** in accordance with the *Younger* Doctrine.

### *Background*

Plaintiff previously filed a petition for writ of *habeas corpus* on December 14, 2009. Therein he sought his immediate release from custody based on alleged violations of his right to a speedy trial. [See *Terrance T. Brown v. Warden Ouachita Parish Corrections Center*, No. 3:09-cv-2147 at Doc. 1] He alleged that he was arrested on July 4, 2009 and charged with attempted aggravated burglary, conspiracy to commit aggravated burglary, and possession of a firearm by a convicted felon.  According to his *habeas* petition, hearings on various pre-trial motions filed by or on behalf of plaintiff  were continued on numerous occasions. On October 27, 2007, a motion for speedy trial was filed by or on his behalf. However, the motion was denied on November 3, 2007. On November 7, 2009, another motion for speedy trial was filed by or on his behalf.  This  motion was denied on December 1, 2009. Meanwhile, plaintiff complained to the court that his court-appointed counsel was ineffective and that the prosecution was denying him due process.

According to pleadings filed in the *habeas* action, a preliminary hearing and a hearing on a motion to suppress were convened in the Fourth Judicial District Court on January 10, 2010. The trial judge found probable cause to charge plaintiff on the charges of attempted aggravated burglary and conspiracy to commit aggravated burglary, but found no probable cause with regard to the charge of possession of a firearm by a convicted felon.  Nevertheless, on January 19, 2010, he was re-booked on charges of illegal possession of a firearm.

On February 16, 2010, the undersigned recommended dismissal of plaintiff's *habeas*

*corpus* petition because plaintiff failed to exhaust available state court remedies prior to filing

suit and because he failed to state a claim for which relief might be granted. [See *Terrance T.*

*Brown v. Warden Ouachita Parish Corrections Center*, No. 3:09-cv-2147 at Doc. 8]

Plaintiff filed the instant complaint on December 22, 2009. He claimed that Dy. Matt Hill

violated his Fourth and Fourteenth Amendment rights when he wrongfully arrested plaintiff at

his residence on July 4, 2009. He claimed that the prosecutor, Ellen Eade, and his court-

appointed attorney, George Britton, "... constructively conspired to this illegal litigation ... and

that they knew or should have known that said arrest violated [plaintiff's] Constitutional rights."

In an amended complaint filed on March 4, 2010, he again complained that Dy. Hill

submitted a complaint that was "maliciously and intentionally misleading." He further asserted

that his arrest was unlawful and without probable cause or a "reasonable suspicion." [Doc. 8]

Thereafter, on March 8, 2010, plaintiff again complained that his court-appointed counsel has

thus far rendered ineffective assistance. Plaintiff requests a "temporary restraining order" against

the Fourth Judicial District Court "because the petitioner is being held under duress and held up

under an illegal arrest and still being deprived of liberty..." [Doc. 9] On the same date plaintiff

complained of prosecutorial vindictiveness on the part of Ellen Eade. [Doc. 10]

### *Law and Analysis*

#### *1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to

42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of

process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A;

28 U.S.C.1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Booker v. Koonce*, 2

F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118

L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be

granted if  it appears that no relief could be granted under any set of facts that could be proven

consistent with the allegations of the complaint. Of course, in making this determination, the

court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157

F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926

F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint

as frivolous based upon the complaint and exhibits  alone. *Green v. McKaskle*, 788 F.2d 1116,

1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given

broad discretion in determining when such complaints are frivolous.  *Macias v. Raul A.*

*(Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).  Federal courts, with regard to prisoner

suits filed *in forma pauperis*, are authorized "... to pierce the veil of the factual allegations and

dismiss those claims whose factual contentions are clearly baseless." *Neiztke v. Williams*, 490

U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

A civil rights plaintiff must support his claims with specific facts demonstrating a

constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*,

47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a

plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim

if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff has filed a habeas petition in addition to this civil rights complaint. He has alleged facts sufficient to conduct an initial review pursuant to §§1915 and 1915A.

## 2. *Heck v. Humphrey* Considerations

Plaintiff contests the legality of his arrest, prosecution, and continued imprisonment. He is a pre-trial detainee and the complained of prosecution is on-going.  Plaintiff seeks money damages based upon these alleged violations of his Constitutional rights.[2] He also seeks "immunity from ... prosecution..."

Of course, if plaintiff is ultimately convicted of these now pending charges, he may not be

---

[2] Plaintiff claims that he is entitled to money damages from Assistant District Attorney Eades. That claim is barred by the doctrine of absolute prosecutorial immunity. A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. See *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997). Plaintiff's claim against Assistant District Attorney Eades is based on her conduct as the state's advocate and she is therefore entitled to absolute prosecutorial immunity. See *Imbler*, 424 U.S. at 430 (absolute immunity protected prosecutor from suit for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial); *Cousin v. Small*, 325 F.3d 627 (5th Cir. 2003) (Prosecutor who allegedly told witness to falsely implicate plaintiff in a homicide and coached him how to testify was acting as an advocate and not an investigator and therefore was entitled to absolute prosecutorial immunity.) Plaintiff's complaint seeking money damages from  Ms. Eades will eventually be dismissed since she is immune from such suit.

Plaintiff also seeks damages from his court-appointed attorney pursuant to §1983. He is advised, "[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir.1999). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed <u>by a person acting under color of state law</u>." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)(emphasis supplied).

George Britton, plaintiff's court-appointed trial attorney, is not a "state actor" and cannot be sued for civil rights violations under 42 U.S.C. § 1983. See *Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981).  Consequently, plaintiff's claims against Britton lack an arguable basis in law and are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

entitled to seek damages for the wrongful arrest, imprisonment, and prosecution until such time

as the conviction in question has been declared invalid.  See *Heck v. Humphrey*, 512 U.S. 477,

114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which held:

> ... in order to recover damages for allegedly unconstitutional ... imprisonment or
> other harm caused by actions whose unlawfulness would render a conviction or
> sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order, declared invalid by a
> state tribunal authorized to make such a determination, or called into question by a
> federal court's issuance of writ of *habeas corpus*, 28 U.S.C. § 2254...
>
> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must
> consider whether a judgment in favor of the plaintiff would necessarily imply the
> invalidity of his conviction or sentence; if it would, the complaint must be
> dismissed unless the plaintiff can demonstrate that the conviction or sentence has
> already been invalidated.

*Heck*, at 486-487.

Heck prohibits the use of § 1983 complaints as a means of collaterally attacking

outstanding state convictions.

On the other hand, since, according to plaintiff, the criminal prosecution remains pending,

*Heck* does not apply at this time. See *Wallace v. Kato*, 549 U.S. 384 (2007) (The *Heck* rule

applies only when there has been a conviction or sentence that has not been invalidated, not to

pending criminal charges.) However, federal courts have been authorized to stay civil rights

claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as

the allegedly improper state prosecution has been concluded. *Wallace v. Kato*, 549 U.S. 384,

393-94 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any

other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it

is within the power of the district court ... to stay the civil action until the criminal case ... is

ended.")

Thus, to the extent that plaintiff seeks money damages for his allegedly wrongful arrest, incarceration, and prosecution, his claims should be stayed pending the outcome of the on-going criminal prosecution.

### 3. *Younger v. Harris* Considerations

As previously noted, plaintiff seeks not only money damages, but also immunity from prosecution and, a temporary restraining order "against the Fourth Judicial District Court ... because the petitioner is being held under duress and held up under an illegal arrest and still being deprived of liberty..." [Doc. 9]

Read liberally, plaintiff seeks an injunction from this Court barring his continued prosecution in the Fourth Judicial District Court. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts must not exercise their jurisdiction in equity to enjoin state criminal prosecutions absent truly extraordinary circumstances. *Id.* at 44. There is a three-prong test for determining whether the *Younger* abstention doctrine is applicable: (1) the dispute must involve an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir.1996). If those factors are satisfied,  then the federal court may only enjoin a pending state criminal court proceeding if: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or

(3) application of the doctrine was waived. *Younger*, 401 U.S. at 49, 91 S.Ct. 746; *Trainor v. Hernandez,* 431 U.S. 434, 446, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); *DeSpain v. Johnston*, 731 F.2d 1171, 1180 (5th Cir.1984).

Plaintiff's  wrongful arrest, prosecution, and imprisonment claims clearly involve an "ongoing state judicial proceeding;" further, the State of Louisiana has an important state interest in the subject matter of the proceeding; and as was noted in the Report recommending dismissal of plaintiff's *habeas corpus* action, the State affords plaintiff with ample and adequate opportunities to litigate his constitutional challenges. See 3:09-cv-2147 at Doc. 8. That said, plaintiff has not established any grounds that would allow the Court to disregard abstention. Therefore, his requests for injunctive relief, including his request for a temporary restraining order [Doc. 9] should be dismissed pursuant to the *Younger* Doctrine.

### *Conclusion and Recommendation*

Based on the foregoing

**IT IS RECOMMENDED THAT t**his action – insofar as it seeks monetary damages for wrongful arrest, imprisonment and prosecution –  be **STAYED** under the following conditions:

> **a.   If plaintiff intends to proceed with his claims, within thirty (30) days of the date the criminal proceedings against him have concluded he must file a motion asking the court to lift the stay;**
>
> **b. If the stay is lifted and the court finds plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed at that time, absent some other bar to suit. See *Wallace*, 127 S.Ct. at 1098; and,**

      **c. In light of the stay, plaintiff should not file any more documents in this action until the state court proceedings have concluded; and,**

      **IT IS FURTHER RECOMMENDED THAT** this action – insofar as it seeks injunctive relief and a temporary restraining order [see Doc. 9]– be **DISMISSED** pursuant to the *Younger* Doctrine.

      Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

      **Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** ***Douglass v. United Services Automobile Association,*** **79 F.3d 1415 (5th Cir. 1996).**

      In Chambers, Monroe, Louisiana, March 24, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE