UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **TERRANCE T. BROWN** | * | **CIVIL ACTION NO. 09-2170**<br>**SECTION P** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **MATT HILL, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a motion to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6) [doc. # 21], filed by defendant Ellen Eade. The district court referred the motion to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons assigned below, it is recommended that defendant's motion to dismiss [doc. # 21] be GRANTED.

### Background

*Pro se* plaintiff Terrance T. Brown, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on December 22, 2009. At the time he filed suit, Brown was a pre-trial detainee in the custody of the Ouachita Parish Sheriff's Office, awaiting trial on charges of attempted aggravated burglary, conspiracy to commit aggravated burglary, and possession of a firearm by a convicted felon.[1] On March 2, 2010, Ellen Eade, Assistant District

---

[1] According to pleadings filed in a related *habeas* action, *Terrance T. Brown v. Warden Ouachita Parish Corrections Center*, Civil Action No. 09-2147 (W.D. La.), a preliminary hearing and a hearing on a motion to suppress were convened in the Fourth Judicial District Court on January 10, 2010. The trial judge found probable cause to charge Brown on the charges of attempted aggravated burglary and conspiracy to commit aggravated burglary, but found no probable cause with regard to the charge of possession of a firearm by a convicted felon.

Attorney for the Fourth Judicial District Court, State of Louisiana, filed a bill of information against Brown, charging him with illegal possession of stolen things. *See* M/s to Dismiss [doc. # 15]. On April 29, 2010, however, Eade filed motions to dismiss the foregoing charges in connection with the revocation of Brown's probation and the reimposition of a fifteen year prison sentence. *Id*. Plaintiff has since been transferred to Riverbend Detention Center, where he is currently housed. (Change of Address Form [doc. # 18]).

In the instant civil rights complaint, plaintiff contends that his arrest, imprisonment, and prosecution were unlawful. Made defendants were Ouachita Parish Sheriff's Deputy Matt Hill, Assistant District Attorney Ellen Eade, and his court-appointed defense attorney, George Britton. (Compl. [doc. # 1]). Brown asserted that Deputy Matt Hill violated his Fourth and Fourteenth Amendment rights when he wrongfully arrested plaintiff at his residence on July 4, 2009. He further alleged that the prosecutor, Ellen Eade, and his court-appointed attorney, George Britton, "... constructively conspired to this illegal litigation ... and that they knew or should have known that said arrest violated [plaintiff's] Constitutional rights." Plaintiff prayed for monetary damages for mental distress and lost wages, and, "for immunity from the prosecution and immunity for ineffectiveness of counsel . . ."

In a March 4, 2010, amended complaint, Brown again complained that Deputy Hill submitted a complaint that was "maliciously and intentionally misleading." (Amend. Compl., [doc. # 8]). He reasserted that his arrest was unlawful and without probable cause or a "reasonable suspicion." *Id*. On March 8, 2010, plaintiff alleged that the prosecution by Ellen

---

Nevertheless, on January 19, 2010, he was re-booked on charges of illegal possession of a firearm.

Eade was vindictive and violated his Fifth Amendment right to due process and his Sixth Amendment right to a fair trial. (Amend. of Arguments, [doc. # 9]). Brown further stated that the prosecution tried to use a charge to revoke his probation, and that the overzealous prosecution violated the double jeopardy clause. *Id*.

On April 28, 2010, the district court ordered the Clerk of Court to serve defendants with the complaint and associated filings, but stayed the action pending resolution of the state court criminal proceedings against plaintiff. (Judgment [doc. # 11]). The judgment also dismissed plaintiff's claims for injunctive relief. *Id*.

On May 21, 2010, defendants notified the court that the pending state charges had been dismissed on prosecutorial discretion based upon plaintiff having received a 15 year sentence upon revocation of his probation. *See* June 4, 2010, Mem. Order [doc. # 20]. Accordingly, the stay was lifted. *Id*.

Meanwhile, on May 27, 2010, plaintiff filed a motion for leave of court to amend his complaint to join additional defendants, Royce Toney, Shannon Harkins, James Hindmon, Larry Knight, and Larry Ludlow. [doc. # 19]. In the absence of any objection, the court granted the motion for leave to amend. (July 22, 2010, Mem. Order [doc. # 38]).

On June 8, 2010, defendant, Eade, filed the instant motion to dismiss for failure to state a claim upon which relief can be granted. She contends that plaintiff's complaint fails to state a claim against her, and that she is entitled to absolute immunity. The motion is opposed. The matter is now before the court.

⬚

### Discussion

**I.     12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b) permits dismissal where the claimant fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1966 (2007) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, 234)). In evaluating a motion to dismiss, "the District Court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278 (5th Cir. 1993) (citation omitted). The factual allegations need not be detailed, but they must be more than labels, conclusions, or a recitation of the elements of the claim. *Twombly, supra*. Moreover,

> the '[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)' and the non-moving party must plead 'enough facts to state a claim to relief that is plausible on its face.' This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements.

*In re Southern Scrap Material Co., LLC*, 541 F.3d 584 (5th Cir. 2008) (internal citation omitted), *cert. denied by, Southern Scrap Material Co., L.L.C. v. U.S.*, ___ U.S. ___, 129 S.Ct. 1669 (2009).

**II.    Absolute Immunity**

In a civil rights suit against a district attorney and/or his assistants in their individual

capacities,[2] the defendants enjoy absolute immunity for action taken by them pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997). As the Fifth Circuit recently observed,

> prosecutorial immunity extends to conduct that is intimately associated with the judicial phase of the criminal process, but not to those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings. In other words, prosecutorial immunity protects the advocate's role in evaluating evidence and interviewing witnesses as [s]he prepares for trial, but not the detective's role in searching for the clues and corroboration that might give h[er] probable cause to recommend that a suspect be arrested.

*Hoog-Watson v. Guadalupe County, Tex.*, 591 F.3d 431, 438 (5th Cir. 2009) (internal citations and quotation marks omitted).

An official who invokes the affirmative defense of absolute immunity bears the burden of proving that the conduct at issue served a prosecutorial function. *Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934 (1991) (citations omitted).

As discussed above, Brown contends that Eade maliciously and vindictively advanced criminal charges against him. He faults Eade for charging him with illegal possession of stolen things *after* the state court had found no probable cause to support a charge of possession of a firearm by a convicted felon. He also challenges her conduct of his April 27, 2010, probation revocation hearing and questions her request to continue an earlier hearing. He seems to suggest

---

[2] A suit against a public official in her official capacity "is not a suit against the official personally," but is "to be treated as a suit against the entity." *Johnson v. Louisiana*, 2010 WL 996475 (W.D. La. March 16, 2010) (citations omitted). Plaintiff's complaint contains no allegations against the office of the district attorney. Rather, plaintiff focuses upon Ellen Eade's alleged vindictiveness.

that the criminal charges were brought against him in an effort to revoke his probation. Brown further argues that Eade instructed a Sheriff's investigator to determine whether the firearm at issue had been reported stolen.

It is manifest that the foregoing allegations against Eade are barred by the defendant's absolute prosecutorial immunity. *See e.g., Burns, supra* (absolute immunity for prosecutor's actions at probable cause hearing); *Imbler, supra* (absolute immunity for initiating prosecution and presenting State's case); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir.1990) (decision to file or not file criminal charges is protected by prosecutorial immunity). Insofar as plaintiff alleges that Eade "conspired to this illegal litigation," Eade cannot be liable for an alleged conspiracy where she otherwise is entitled to absolute immunity for her underlying actions. *Mobray v. Cameron County, Tex.*, 274 F.3d 269, 277 (5th Cir. 2001) (citations omitted).

To the extent that plaintiff may successfully argue that Eade's alleged instruction to ascertain whether a firearm had been reported stolen, is not subject to absolute immunity, the allegation fails to set forth an actionable constitutional violation. Plaintiff has not demonstrated that a records check to determine whether an item was reported stolen violates any protected constitutional interest enjoyed by him. *See Johnson, supra* (court need not discern whether prosecutor's inaction was entitled to absolute immunity when no constitutional right was implicated).

Finally, the court observes that, under state law, a prosecutor acting within the scope of her prosecutorial duties, as an advocate for the state, is entitled to absolute immunity from suit

for malicious prosecution. *Knapper v. Connick*, 681 So.2d 944, 951 (La.1996).[3]

## Conclusion

For the reasons set forth above,

**IT IS RECOMMENDED** that the motion to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6) [doc. # 21], filed by defendant, Ellen Eade, be **GRANTED**, and that judgment be entered in favor of said defendant **DISMISSING WITH PREJUDICE** plaintiff's claims against her.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

---

[3] The undersigned further observes that insofar as a judgment in plaintiff's favor would necessarily imply the invalidity of his probation revocation, *i.e.*, if plaintiff's arrest and associated criminal charges, at issue herein, provided the basis for his probation revocation, then the instant complaint must be dismissed, unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Cougle v. County of Desoto, Mississippi*, 2007 WL 3124556 (N.D. Miss. Oct. 24, 2007), *affirmed*, 303 Fed. Appx. 164 (5th Cir. Nov. 7, 2008) (citing, *inter alia*, *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); and *Jackson v. Vanoy*, 49 F.3d 175, 177 (5th Cir .1995)).

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 17th day of August 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE