UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **TERRANCE T. BROWN** | **CIVIL ACTION NO. 09-2170** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CPL. MATT HILL, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**RULING**

Pending before the Court is Plaintiff Terrance T. Brown's ("Brown") appeal of the Magistrate Judge's July 22, 2010 Order [Doc. No. 40] and a separate motion styled, "Notice of Intent to Apply for Certoriari [sic]/IFP(1915)/Staying these Proceedings" ("motion to appeal") [Doc. No. 54]. Brown appeals the Magistrate Judge's Order granting his May 27, 2010 motion to amend his complaint [Doc. No. 19] to join as additional Defendants, Royce Toney, Shannon Harkins, James Hindmon, Larry Knight, and Larry Ludlow, but denying his July 21, 2010 motion for default judgment [Doc. No. 34] against these Defendants and against Defendant George Britton. Brown contends that the Magistrate Judge abused her discretion by delaying a ruling on his motion to amend and by failing to grant his motion for default judgment.

In Brown's motion to appeal, he contends that "the Magistrate Judge abused her discretion by denying [his] motion for default" against Defendants, that he has suffered prejudice because of her actions, and that further litigation in this matter is futile and "bias[ed] and discriminatory to [him]." [Doc. No. 54, pp. 1-2]. He then moves the Court "for a change of venue to the Court of Appeals" and to be allowed to proceed *in forma pauperis*. [Doc. No. 54, pp. 2-3].

Brown originally filed his Complaint on December 22, 2009, naming Corporal Matt Hill ("Hill"), Assistant District Attorney Ellen Eade ("Eade"), and his attorney, George Britton ("Britton"), as Defendants. He filed an Amended Complaint on March 4, 2010, citing case law, but adding no other Defendants. On March 24, 2010, the Magistrate Judge issued a Report and Recommendation, recommending that this Court stay the action insofar as Brown sought monetary damages for wrongful arrest, imprisonment, and prosecution and recommending that the Court dismiss the action under the Younger Doctrine insofar as Brown sought injunctive relief and a temporary restraining order. [Doc. No. 10].

On April 28, 2010, the Court adopted the Report and Recommendation, dismissing Brown's claims for injunctive relief and a TRO and otherwise staying the action. [Doc. No. 11]. At that time, summons were issued, and the United States Marshals Service served Hill, Eade, and Britton in order to ensure that they notified the Court once the state criminal proceedings were complete. [Doc. Nos. 22, 23 & 24]. Pursuant to the Court's Judgment, however, Hill, Eade, and Britton were not required to answer. *See* [Doc. No. 11].

On May 21, 2010, the Court was advised that the state charges against Brown were dismissed, allegedly based on the prosecutorial discretion of ADA Eade because Brown received a 15-year sentence in a separate probation revocation proceeding.

On May 27, 2010, Brown moved to amend his Amended Complaint to join Royce Toney ("Toney"), Shannon Harkins ("Harkins"), James Hindmon ("Hindmon"), Larry Knight ("Knight"), and Larry Ludlow ("Ludlow") as additional Defendants.

On June 4, 2010, the Magistrate Judge lifted the stay and ordered that the Marshal again serve the then-named Defendants in this matter, Hill, Eade, and Britton. They were served the

same day, and their answers were due to be filed by June 25, 2010. Hill timely filed an Answer to the Complaint and Amended Complaint [Doc. Nos. 29 & 30], and Eade timely filed a Motion to Dismiss [Doc. No. 21].

On July 21, 2010, Brown filed his Motion for Default Judgment against Britton, Toney, Harkins, Hindmon, Knight, and Ludlow.

The following day, July 22, 2010, Britton filed an Answer to the Complaint and Amended Complaint [Doc. Nos. 35, 36 & 37].

That same day, July 22, 2010, the Magistrate Judge issued a Memorandum Order [Doc. No. 38]. In the Memorandum Order, the Magistrate Judge explains that she had not yet granted Brown leave to amend at the time Brown filed his Motion for Default Judgment. Toney, Harkins, Hindmon, Knight, and Ludlow could not have been required to answer until they were added as Defendants, and, thus, default could not be entered against them. With regard to Britton, the Magistrate Judge noted that he had filed Answers, and thus, pursuant to Federal Rule of Civil Procedure 55, default was no longer warranted.

Federal Rule of Civil Procedure 55 provides as follows:

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment.

    (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

  (2)  By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

    (A)  conduct an accounting;

    (B)  determine the amount of damages;

    (C)  establish the truth of any allegation by evidence; or

    (D)  investigate any other matter.

In this case, although Brown sought default "judgment," pursuant to Rule 55, he was first required to obtain entry of a preliminary default, which may be entered by the Clerk of Court. A magistrate judge's order denying entry of default is not one of the motions listed in 28 U.S.C. § 636(b)(1)(A) (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide.[1] Accordingly, the Court is required to uphold her ruling unless it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); *see also Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995).

Under the applicable standard, or any other, the Court finds that both the Magistrate Judge's statement of the law and facts is correct. Britton had, in fact, filed Answers prior to the

---

[1] A magistrate judge may not set aside a district court's default *judgment*, *see Parks v. Collins*, 761 F.2d 1101, 1104-05 (5th Cir. 1985), but, in this case, she merely denied entry of default, an action that may be taken by the Clerk of Court and need not be referred to a judge at all.

Magistrate Judge's consideration, and she properly declined to enter default against him. The other Defendants against whom Brown sought default had not yet been made Defendants when he filed the motion. Brown's appeal [Doc. No. 40] is DENIED.

However, Brown also requests that he be allowed to "change venue" to the Fifth Circuit Court of Appeals to consider the Magistrate Judge's denial of his request for a default against the named Defendants. Brown's motion is, in effect, a request that the Court certify this case for interlocutory appeal pursuant to 28 U.S.C. § 1292. Section 1292(b) states the following:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal may thereupon, in its discretion, permit an appeal to be taken from such an order, if application is made to it within ten days after the entry of the order . . . .

The Court is of the opinion in this case that none of the statutory requirements have been met. There is no controlling question of law to which there is substantial ground for difference of opinion, and a decision on whether Britton should have been defaulted will not materially advance the ultimate termination of litigation. There are several Defendants in this matter, and the litigation will proceed. Once there is a final judgment, Brown may appeal if he is dissatisfied with the result and may then raise this issue with the Fifth Circuit.

Accordingly, Brown's motion to appeal [Doc. No. 54] is also DENIED.

MONROE, LOUISIANA, this 24th day of September, 2010.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE