UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **TERRANCE T. BROWN** | \* | **CIVIL ACTION NO.  09-2170**<br>**SECTION  P** |
| **VERSUS** | \* | **JUDGE ROBERT G. JAMES** |
| **MATT HILL, ET AL.** | \* | **MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Before the court is a motion for summary judgment filed by defendants Royce Toney,

Sheriff of Ouachita Parish; Deputy Shannon Harkins; Deputy Matt Hill; Deputy James Hindman;

Deputy Larry Knight; and Deputy Larry Ludlow (hereinafter "defendants").  Doc. # 57.  The

motion has been referred to the undersigned magistrate judge for report and recommendation

pursuant to 28 U.S.C. § 636(b)(1)(B).  For reasons stated below, it is recommended that the

motion be **GRANTED**.  It is further recommended that this matter be dismissed with prejudice

as to defendant George Britton, the only defendant who has not moved for dismissal of this

action.

Background

*Pro se* plaintiff Terrance T. Brown, proceeding *in forma pauperis*, filed the instant civil

rights complaint pursuant to 42 U.S.C. § 1983 on December 22, 2009.  At the time he filed suit,

plaintiff was a pre-trial detainee in the custody of the Ouachita Parish Sheriff's Office, awaiting

trial on charges of attempted aggravated burglary, conspiracy to commit aggravated burglary, and

possession of a firearm by a convicted felon.[1]  On March 2, 2010, Ellen Eade, Assistant District

---

[1] According to pleadings filed in a related *habeas* action, *Terrance T. Brown v. Warden Ouachita Parish Corrections Center*, Civil Action No. 09-2147 (W.D La.), a preliminary hearing and a hearing on a motion to suppress were convened in the Fourth Judicial District Court on January 10, 2010.  The trial judge found probable cause to charge Brown on the charges of attempted aggravated burglary and conspiracy to commit aggravated

Attorney for the Fourth Judicial District Court, State of Louisiana, filed a bill of information against Brown, charging him with illegal possession of stolen things.  *See* M/s to Dismiss, Doc. # 15.  On April 29, 2010, however, Eade filed motions to dismiss the foregoing charges in connection with the revocation of plaintiff's probation and the reimposition of a fifteen year prison sentence.  *Id*.  Plaintiff has since been transferred to Riverbend Detention Center, where he is currently housed.  *See* Doc. # 18.

In the instant civil rights complaint, plaintiff contends that his arrest, imprisonment, and prosecution were unlawful.  Made defendants were Ouachita Parish Sheriff's Deputy Matt Hill, Assistant District Attorney Ellen Eade, and his court-appointed defense attorney, George Britton.  Doc. # 1.  Plaintiff asserted that Deputy Hill violated his Fourth and Fourteenth Amendment rights when he wrongfully arrested plaintiff at his residence on July 4, 2009.  He further alleged that the prosecutor, Ellen Eade, and his court-appointed attorney, George Britton, "constructively conspired to this illegal litigation ... and that they knew or should have known that said arrest violated [plaintiff's] Constitutional rights."  Plaintiff prayed for monetary damages for mental distress and lost wages, and, "for immunity from the prosecution and immunity for ineffectiveness of counsel . . ."  Doc. # 1.

In a March 4, 2010, amended complaint, plaintiff again complained that Deputy Hill submitted a complaint that was "maliciously and intentionally misleading."  Amend. Compl., Doc. # 8.  He reasserted that his arrest was unlawful and without probable cause or a "reasonable suspicion."  *Id*.  On March 8, 2010, plaintiff alleged that the prosecution by Ellen Eade was vindictive and violated his Fifth Amendment right to due process and his Sixth Amendment right

---

burglary, but found no probable cause with regard to the charge of possession of a firearm by a convicted felon. Nevertheless, on January 19, 2010, he was re-booked on charges of illegal possession of a firearm.

to a fair trial.  Amend. of Arguments, Doc. # 9.  Plaintiff further stated that the prosecution tried

to use a charge to revoke his probation, and that the overzealous prosecution violated the double

jeopardy clause.  *Id*.

On April 28, 2010, the district court ordered the Clerk of Court to serve defendants with

the complaint and associated filings, but stayed the action pending resolution of the state court

criminal proceedings against plaintiff.  Judgment, Doc. # 11.  The judgment also dismissed

plaintiff's claims for injunctive relief.  *Id*.

On May 21, 2010, defendants notified the court that the pending state charges

had been dismissed on prosecutorial discretion based upon plaintiff having received a 15 year

sentence upon revocation of his probation.  *See* June 4, 2010, Mem. Order Doc. # 20.

Accordingly, the stay was lifted.  *Id*.

Meanwhile, on May 27, 2010, plaintiff filed a motion for leave of court to amend his

complaint to join additional defendants, Royce Toney, Shannon Harkins, James Hindmon, Larry

Knight, and Larry Ludlow.  Doc. # 19.  In the absence of any objection, the court granted the

motion for leave to amend.  July 22, 2010, Mem. Order, Doc. # 38.

On June 8, 2010, the undersigned issued a report and recommendation, recommending

that Assistant District Attorney Ellen Eade's motion to dismiss be granted for failure to state a

claim.  Doc. # 47.  District Judge Robert G. James adopted the report and recommendation on

September 15, 2010.  Doc. # 52.

On October 14, 2010, movants filed the underlying motion, alleging that no genuine issue

of fact exists and that judgment should be rendered as a matter of law.  Doc. # 57.  After filing a

memorandum in opposition on October 19, 2010, *see* doc. # 59, plaintiff sought leave of court to

file a supplemental opposition on October 27, 2010.  Doc. # 62.  The undersigned granted

plaintiff leave to file a supplemental opposition the next day, *see* doc. # 64.  On October 29,

2010, plaintiff filed a "memorandum reply" to the underlying motion.  Doc. # 65.  The matter is

now ripe.

## Summary Judgment Principles

Summary judgment is appropriate when the evidence before the Court shows "that there

is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law."  Fed R. Civ. P. 56(b).  A fact is "material" if proof of its existence or

nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2511 (1986).  A dispute about a

material fact is "genuine" if the evidence is such that a reasonable fact finder could render a

verdict for the nonmoving party.  *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing

the district court of the basis for its motion, and identifying those portions of 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247).  "The moving

party may meet its burden to demonstrate the absence of a genuine issue of material fact by

pointing out that the record contains no support for the non-moving party's claim."  *Stahl v.*

*Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).  Thereafter, if the non-

movant is unable to identify anything in the record to support its claim, summary judgment is

appropriate.  *Id.*

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[2] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

<u>Analysis</u>

**I.    Plaintiff's § 1983 Claims**

Plaintiff brings his claims under 42 U.S.C. Section 1983, stating that defendants' actions deprived him of his constitutional rights. Compl., Doc. # 1; *see, San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 700 (5th Cir. 1991) (§ 1983 provides a remedy for the deprivation of civil rights). Section 1983 states that any person who, under color of state law, deprives another of

---

[2] I.e., beyond doubt.

5

"any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ." 42 U.S.C. § 1983.  However, Section 1983 does not create any substantive rights; it merely provides a remedy for the rights designated therein.  *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).  "Thus, an underlying constitutional or statutory violation is a predicate to liability under § 1983." *Id.*; *see also West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988).

Thus, the twin components of a cause of action under Section 1983 include 1) a violation of rights secured by the Constitution or laws of the United States and (2) that the alleged deprivation was committed by a person acting under color of state law.  *Leffall v. Dallas Independent School Dist.*, 28 F.3d 521, 525 (5th Cir. 1994) (citations omitted).

A.      **Plaintiff's Claims are Barred by *Heck v. Humphrey***

At the outset, the undersigned notes that plaintiff's § 1983 claims are barred on the basis of the principle set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), and subsequently clarified in *Edwards v. Balisok*, 520 U.S. 641 (1997).  In *Heck*, the Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. . . . Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.  In *Edwards*, the Supreme Court stated that the principle set forth in *Heck* applies to inmates, like plaintiff, who assert that they were denied procedural due process in

a proceeding that resulted in conviction or imprisonment.  *Edwards*, 520 U.S. at 645-46.

Plaintiff seeks damages for alleged violations of his procedural due process rights which, if proven, would "necessarily imply the invalidity of his . . . sentence."  *See Heck*, 512 U.S. at 487.  Specifically, plaintiff alleges that his arrest and subsequent incarceration were of an illegal nature, as the law enforcement officers lacked a warrant and probable cause.  Doc. # 1, p. 3.  Such claims, if true, would violate the Fourth and Fourteenth Amendment to the United States Constitution.  However, in his various responses to the underlying motion, plaintiff fails to identify evidence which would indicate that his sentence revoking his probation was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *See Heck*, 512 U.S. at 487.  Accordingly, Jefferson's § 1983 claim is barred by *Heck*.

Of course, were plaintiff's claims were not barred by *Heck*, the case *sub judice* should still be dismissed on the merits for the reasons that follow.

**B.      Plaintiff's Allegations**

Here, plaintiff alleges that his Fourth and Fourteenth Amendment rights were violated by the alleged wrongful arrest of plaintiff at his home, located at 212 Newberry Street, Monroe, Louisiana, 71202.  Doc. # 1, p. 3.  Specifically, plaintiff contends that his arrest violated the United States Constitution because he was arrested without probable cause, without a warrant, and because no evidence could link him to the crime scene.  *Id.*; *see* Doc. # 8, ¶ 1, and Doc. # 19.

Under the Fourth Amendment, "a warrantless arrest must be based on probable cause." *United States v. Castro*, 166 F.3d 728, 733 (5th Cir. 1999).  "Probable cause exists when the totality of the facts and circumstances without a police officer's knowledge at the moment of

7

arrest are sufficient for a reasonable person to conclude that the suspect has committed, or was in the process of committing, an offense." *Id.*  A warrantless arrest does not violate the Fourth Amendment if it is "for a crime committed in the presence of the arresting officer or for a felony of which he had reasonable cause to believe defendant guilty." *Johnson v. United States*, 333 U.S. 10, 15 (1948).

There is a great deal of evidence to support defendants' argument that probable cause existed at the time plaintiff was arrested, including plaintiff's own statement to the arresting officers that he attempted to burglarize 313 Oaklawn Drive, in Monroe, Louisiana, on July 3, 2009.  After the Oaklawn drive residents called the police concerning a suspected burglar, the investigating officers located the suspects Eric Brown, Joseph Johnson II, and Erick Coleman, all of whom confessed to the attempted robbery and implicated plaintiff in their conspiracy.  Doc. # 57-1; *see also* Affidavit of Probable Cause for Arrest Without a Warrant, Ex. B, and Statement of Deputy Matt Hill, Ex. C to Pl.'s Mem. In Opp'n to Defs.' Mot. for Summ. J., Doc. # 59, p. 14. Upon locating plaintiff at his residence at 212 Newberry Street in Monroe, plaintiff was "taken into custody and...advised of his rights per Miranda, to which he stated that he understood." Doc. # 57-1; Doc. # 59, p. 14.  Deputy Hill further noted that plaintiff:

> ...stated that it was he and Coleman [who] went to the victim's residence with the intention of gaining entry to steal guns. [Plaintiff] said that Eric Brown and Joseph Johnson II dropped him and Coleman off in front of the residence. [Plaintiff] identified himself as the lookout while Coleman was the one who attempted to kick the door open. [Plaintiff] was transported to OPSO Investigations office where he gave a verbal statement to Sgt. Ludlow and me.  When asked to give a recorded statement, [plaintiff] refused and requested the assistance of legal counsel.  A criminal history check revealed that at the time of this incident, [plaintiff] was on probation for Conspiracy to Commit Armed Robbery.

Doc. # 59, p. 14.

Additionally, the statements provided by the victims at 313 Oaklawn  Drive were

corroborated by plaintiff as well as his co-conspirators.  Doc. # 57-1, p. 8.  Plaintiff was initially detained outside of his home pursuant to those incriminating statements, and was later arrested in the absence of a warrant on the strength of his own admission of guilt.  Based on the statements of plaintiff and his co-conspirators, defendants had sufficient reason to believe that probable cause existed at the time of his confession, and that plaintiff could be arrested without a warrant.

Plaintiff provides a lengthy history of United States Supreme Court precedent concerning the validity of warrantless arrests inside one's home.  *See* Doc. # 65.  However, there is no evidence that any of the officers present were ever inside the residence located at 212 Newberry Street, or that any law enforcement officer attempted to enter the Newberry Street residence. Doc. # 57-1, p. 5.  Indeed, plaintiff neglects to allege that any law enforcement officer ever entered or attempted to enter his residence.  In his affidavit, Deputy Shannon Harkins attests that "at no point did either [Deputy Harkins], Deputy Hindman, or any other deputy enter [plaintiff]'s residence."  Doc. # 57-3, p. 5, ¶ 15.  Further, the evidence shows that plaintiff exited the residence to speak with the police officers voluntarily.  Upon arriving at the Newberry Street residence, Sergeant Harkins advised the female outside "that he wished to speak to [plaintiff]." *Id.*; *see also* doc. # 57-3.  The female went inside the residence, after which plaintiff exited the residence.  *Id.*  Upon being advised by the officers as to the reason for their visit, plaintiff admitted his role in the attempted robbery, and was thereafter arrested.  *Id.*

Although factual controversies are to be resolved "in favor of the nonmoving party," an actual controversy does not exist unless "both parties have submitted evidence of contradictory facts."  *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  Indeed, in response to a properly supported motion for summary judgment, **the non-movant may not rest**

**upon the mere allegations or denials contained in his pleadings**, but instead must set forth, by affidavit or otherwise, the specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).  In other words, once the moving party points to an absence of evidence in the nonmoving party's case, the non-movant must come forward with summary judgment evidence sufficient, such that if introduced at trial, it would suffice to prevent a directed verdict against the non-movant.  *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

The plaintiff has failed to introduce such evidence here.  Plaintiff contends that the named defendants are lying when they assert that he admitted his role in the attempted robbery.  Plaintiff contends that he never admitted participation in "any alleged criminal offense."  Doc. # 57-1, p. 2.  Plaintiff further argues that he "never admitted guilt and any statements by [the defendants] to the contrary is a total false testimony [*sic*]."  *Id.* at p. 3.  However, plaintiff neglects to identify anything in the record in support of his claims.

Defendants, on the other hand, provide the affidavits of Deputy Matt Hill and Deputy Larry Knight.  Doc. # 57-3. In his affidavit, Deputy Hill attests that plaintiff "admitted that he went to 313 Oaklawn Drive with the intention of gaining entry in order to commit a burglary." *Id.* at p. 3, ¶ 23.  Upon being transported to the Ouachita Parish Sheriff's Office Investigations Office, plaintiff "once again admitted his involvement in the criminal activity that occurred at 313 Oaklawn Drive."  *Id.*, ¶ 26.  Deputy Knight also attests that the plaintiff "stated that he went to 313 Oaklawn Drive with the intention of gaining entry to commit a burglary."  *Id.* at p. 7, ¶ 8.

If, after the movant party's initial showing, the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate.  *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).  **It is therefore recommended that**

10

the defendants' motion be GRANTED, and that plaintiff's civil rights claims against defendants be dismissed with prejudice.

## II.      Plaintiff's Claims Against Sheriff Toney

Plaintiff named Ouachita Parish Sheriff Royce Toney in his complaint, *see* doc. # 1, but does not indicate whether Sheriff Toney is being sued in his official capacity, his individual capacity, or both.  Plaintiff has not put forth any factual allegations against Sheriff Toney.  To the extent that plaintiff seeks to impose liability upon Sheriff Toney in his supervisory capacity under § 1983, he must establish (1) the sheriff's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008) (citation omitted).  Here, however, plaintiff has not adduced any evidence that there was a constitutional violation in the first place, much less that Sheriff Toney was personally involved in any alleged constitutional violation.  *See* discussion, *supra*.

In the absence of the supervisor's personal participation in the events at issue, plaintiff must demonstrate that "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Mesa*, *supra*.  Deliberate indifference entails a "conscious choice to endanger constitutional rights."  *Id.*  (citation and internal quotation marks omitted).  Deliberate indifference normally requires more than a single instance of lack of training or supervision.  Again, in the absence of a constitutional violation, plaintiff has not made and cannot make the requisite showing here.

## III.     Qualified Immunity

11

Finally, defendants also invoke the affirmative defense of qualified immunity.  "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Club Retro LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (quoted sources omitted).  When a defendant invokes qualified immunity, the burden shifts to plaintiff to establish that the defense is inapplicable.  *Id*.  (citation omitted).  Plaintiff's burden is two-pronged.  *Id*.  First, he must demonstrate that defendants violated a constitutional right under current law.  *Id*.  "Second, he must claim that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of."  *Id*.  (quoted source and internal quotation marks omitted).  The courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand."  *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009) (*citing Pearson v. Callahan*, 808 U.S. 2009, 129 S.Ct. 808  (2009)).

Having determined that the individual defendants did not violate plaintiff's constitutional rights, *see* discussion, *supra*, analysis of the qualified immunity defense is unnecessary. *Goodman v. Harris Cnty.*, 571 F,3d 388, 396 (5th Cir. 2009).

## Conclusion

For the above-assigned reasons,

**IT IS RECOMMENDED** that the motion for summary judgment [doc. # 57] filed by defendants, Ouachita Parish Sheriff Royce Toney, Deputy Shannon Harkins, Deputy Matt Hill,

Deputy James Hindman, Deputy Larry Knight, and Deputy Larry Ludlow be **GRANTED**, and that plaintiff's claims against said defendants be dismissed with prejudice.

In addition, and for the same reasons as are set out above, it is recommended that plaintiff's claims against the only remaining defendant, George Britton, also be dismissed.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 23rd day of November, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE